## Schroeder, Appellant, *v.* Scranton Gas and Water Company.

*Water companies—Rates—Regulation of rates by municipality—Acts of March 16, 1854, P. L. of 1856, page 599, April 29, 1874, P. L. 73, and May 23, 1889, P. L. 277.*

The rates and charges of a water company incorporated prior to the Act of April 29, 1874, P. L. 73, but which has accepted the provisions of that act, cannot be regulated by the municipal authorities. The regulation of such rates and charges is within the exclusive jurisdiction of the common pleas under the second proviso of clause 7 of section 34 of the Act of April 29, 1874, P. L. 73. There is nothing in the 46th section of article 5 of the Act of May 23, 1889, P. L. 277, known as the general welfare clause, which gives cities of the third class authority to regulate the rates and charges of water companies.

Of every municipal corporation, the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability not authorized thereby or by some legislative act applicable thereto. All acts beyond the scope of the powers granted are void.

Argued Jan. 20, 1902. Appeal, No. 34, Jan. T., 1902, by plaintiff, from decree of C. P. Lackawanna Co., Sept. T., 1901, No. 6, dismissing bill in equity in case of Conrad Schroeder v. Scranton Gas & Water Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Bill in equity for an injunction.

The facts are fully stated in the opinion of the Superior Court.

256   SCHROEDER, Appellant, v. GAS & WATER CO.

Assignment of Errors—Opinion of the Court.   [20 Pa. Superior Ct.

*Error assigned* was decree dismissing the bill.

*Ira H. Burns,* with him *Frank T. Okell,* for appellant.—The city had authority to regulate the rates : Allnutt v. Inglis, 12 East, 527 ; Mobile v. Tuille, 3 Ala. (N. S.) 140 ; Genesee Fork Imp. Co. v. Ives, 144 Pa. 114 ; West Branch Lumbermen's Exchange v. Fisher, 150 Pa. 475 ; Craig v. Kline, 65 Pa. 399 ; Winchester, etc., Turnpike Road Co. v. Croxton, 33 L. R. A. 177.

*M. E. Olmsted,* with him *Willard, Warren & Knapp,* for appellee.—In the absence of legislative authority a municipal corporation has no power to fix rates of a water company : Minturn v. Larue, 23 How. 435 ; Ottawa v. Carey, 108 U. S. 110 ; Williamsport v. Com., 84 Pa. 487.

The ordinance is repugnant to laws of this commonwealth : General Corporation Act of April 29, 1874, P. L. 73 ; White v. City of Meadville, 177 Pa. 643.

The ordinance is repugnant to important constitutional provisions : Section 17 of article 1 of the constitution ; Bank of Penna. v. Com., 19 Pa. 144 ; Big Mountain Improvement Co.'s App., 54 Pa. 361 ; Chicago, Milwaukee & St. Paul Ry. Co. v. Minnesota, 134 U. S. 118 ; St. Louis & San Francisco Ry. Co. v. Gill, 156 U. S. 649 ; Covington, etc., Turnpike Road Co. v. Sandford, 165 U. S. 578.

OPINION BY ORLADY, J., April 21, 1902 :

The defendant was incorporated by a special act of assembly approved March 16, 1854, P. L. of 1856, p. 599, for the purpose of "making, raising, and introducing into the village of Scranton, Luzerne county, a sufficient supply of gas and pure water." It has been given additional legislative authority by supplemental acts of assembly which have facilitated and enlarged the original objects of its creation, and it has accepted the provisions of the Act of April 29, 1874, P. L. 73, entitled "An act to provide for the incorporation and regulation of corporations," and the supplements thereto.

In the conduct of its business it established certain yearly rates, payable monthly, and meter charges for the use of water furnished to its customers, among whom was the plaintiff.

While these rates and charges were in force by the defendant company an ordinance " limiting the prices to be charged for supplying water to the inhabitants of the city of Scranton and providing a penalty for the violation of the provisions thereof" was enacted by the proper municipal authorities, in and by which ordinance the rates and charges for the use of water were materially reduced.

The plaintiff is the owner of certain buildings in the city of Scranton in which resided eleven families, and in which there were in use bath tubs, water-closets, hose connections, etc. The defendant company presented a bill or statement demanding payment in accordance with the rates and charges in general use by the water company. The plaintiff demanded that the bill or claim should be reduced to conform with the rates and prices named in the ordinance, which demand was refused, and the water company thereupon threatened to shut off the supply of water from the plaintiff's buildings unless he paid the bill as presented.

A bill in equity was filed in which the plaintiff prayed for an injunction, preliminary until hearing and perpetual thereafter, to restrain and prohibit the water company, its officers, etc., from cutting off the supply of water, etc., and for general relief, etc. The defendant filed a demurrer, which was sustained by the court below, and the bill was dismissed. The facts alleged in the plaintiff's bill are admitted by the demurrer and there is no allegation that the rates and charges as fixed by the defendant are unjust, unreasonable or inequitable. It is moreover conceded that the only question raised by this appeal is that of the legal effect to be given to the ordinance of the city of Scranton in fixing the rates to be charged by the defendant for water furnished to its customers within the city. It is also conceded that this defendant has practically a monopoly of the water supply for the city of Scranton which has grown from a village in 1854, when the defendant was incorporated, to be a city of the second class of the commonwealth. It does not follow, nor is it claimed, that under its charter it has such complete and arbitrary control over its rates and charges as to enable it to make them unreasonable or unjust. It, as all other corporations, is amendable to regulation by law, and in fact the second proviso to clause 7 of section 34 of the

Act of April 29, 1874, P. L. 73, and subsequent legislation, was designed to govern this, and other like defendants, in determining the charges for water furnished: Brymer v. Butler Water Co., 172 Pa. 489; Commonwealth v. Russell, 172 Pa. 506; White v. Meadville, 177 Pa. 843; Tyrone Gas and Water Co. v. Tyrone Borough, 195 Pa. 566.

Although this defendant company was incorporated by a special act of assembly many years prior to the adoption of the constitution of 1874, yet when it accepted the provisions of that constitution, it assented to all of its provisions, and became entitled to "all the privileges, immunities, franchises and powers conferred by that act;" among which, and vital to this case, is the second proviso of clause 7 of section 34, supra, which is as follows: "and provided further, that the court of common pleas of the proper county shall have jurisdiction and power upon the bill or petition of any citizen using the gas or water of any of said companies to hear, inquire and determine as to the charges thereof for gas or water so furnished, and to decree that the said bill be dismissed, or that the charges shall be decreased, as to the said court may seem just and equitable, and to enforce obedience to their decrees by the usual process." The city of Scranton undoubtedly has authority to administer the public affairs for the convenient government of the community, and the plaintiff contends that under what is known as the general welfare clause (the 46th section) of article 5 of the Act of May 23, 1889, P. L. 277, which provides for the incorporation and government of cities of the third class, (the city of Scranton being of that class when the ordinance was enacted) the city had ample authority to enact the ordinance, and that he has the right to assert it as against the defendant water company. By this section the city is authorized to make ordinances, by-laws, rules and regulations not inconsistent with the constitution and laws of the commonwealth, for the maintenance of the peace, good government, and welfare of the city, and its trade, commence and manufactures, which is but a defined statement of the police power of any municipality. No authority is given by this section to transfer the decision of the question involved in this case from the court of common pleas to the city councils. The legislature, which is the common source of power of both the city government

and the water company, has made it the province of the courts to give effect not only to legislation designed to protect public peace and safety, but also to guard the property rights of citizens.  The action of the city councils in attempting to regulate the charges of the water company was without authority of law.  In regard to this there can be no question.  The supreme court has said, " In the construction of a charter to be in doubt is to be resolved, and every resolution which springs from doubt is against the corporation : " Penna. Railroad Company v. Canal Commissioners, 21 Pa. 22 ; and " If you assert that a corporation had certain privileges, show us the words of the legislature conferring them.  Failing in this you must give up your claim, for nothing else can possibly avail you.  A doubtful charter does not exist, because whatever is doubtful, is decidedly against the corporation : " Commonwealth v. Erie & North East Railroad Company, 27 Pa. 339 ; Bly v. White Deer Mt. Water Co., 197 Pa. 80.

The municipal corporation and the private corporation are each restricted in their power and, by the act of 1874, the exclusive jurisdiction of the question involved in this case is vested in the court of common pleas.  " Of every municipal corporation, the charter or statute by which it is created is its organic act.  Neither the corporation nor its officers can do any act or make any contract or incur any liability not authorized thereby or by some legislative act applicable thereto.  All acts beyond the scope of the powers granted are void : " 1 Dillon on Municipal Corp. (4th ed.) sec. 89.

The plaintiff's case rests wholly upon the ordinance, and that, is invalid.  The decree of the court below is affirmed.